```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA J. WILLSUN,

                      Plaintiff,          13-CV-6476T

          v.
                                          ORDER
PATRICK R. DONAHOE,
POSTMASTER GENERAL,

                      Defendant.
_____
```

INTRODUCTION

Plaintiff Patricia Willsun ("Willsun") proceeding pro se, brings this action against the Postmaster General of the United States Postal Service pursuant to the Rehabilitation Act of 1973, (codified at 29 U.S.C. § 701 et. seq.) and the Privacy Act (codified at 5 U.S.C. § 552(a)) claiming that the Postal Service discriminated against her on the basis of a disability. Specifically, plaintiff alleges that she was terminated from her employment because she suffered from a disability which caused her to miss work on several occasions, and that the defendant failed to accommodate her reasonable requests for accommodation of her disability. Plaintiff also alleges that the defendant improperly disclosed her confidential health information to employees of the United States Postal Service.

Defendant moves to dismiss plaintiff's Complaint on grounds that she has failed to timely exhaust her administrative claim of discrimination, and therefore, this court lacks jurisdiction to

hear her federal action. Defendant also contends that plaintiff has failed to state a claim for the alleged improper disclosure of her medical information.

For the reasons set forth below, I grant defendant's motion to dismiss, and dismiss plaintiff's Complaint with prejudice.

BACKGROUND

According to the Complaint, plaintiff is a former mail carrier who was employed by the United States Post Office. The Complaint does not specify how long the plaintiff worked for the Post Office, but alleges that in 2004, presumably while working for the Post Office, she was diagnosed with "heart and thyroid issues" and anxiety. The Complaint does not identify any specific diagnosis relating to the heart and thyroid problems she allegedly suffered, nor is there any allegation that her alleged conditions are actual disabilities under the Rehabilitation Act.

In 2011, plaintiff experienced numerous absences from work. According to the plaintiff, she believed the absences were excused based on notes she had received from her doctor. According to the defendant, while some absences were excused, several were not. As a result of plaintiff's unexcused absences and failure to maintain regular attendance, The Postal Service notified Willsun on October 20, 2011 that her employment would be terminated effective November 25, 2011. Plaintiff filed a grievance contesting her termination, but her grievance was denied on February 3, 2012. Thereafter,

plaintiff filed an administrative complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 4, 2012. The EEOC found no probable cause to believe that discrimination had occurred, and issued plaintiff a right-to-sue letter. On September 6, 2013, plaintiff filed the instant action alleging that she was discriminated against on the basis of her disability. In addition to her claim of discrimination, plaintiff also claims that the defendant improperly gained access to her personal medical information without her authorization, and improperly shared her medical information with her former supervisors and co-employees in violation of the Privacy Act.

## DISCUSSION

I.  Legal Standards for evaluating a Motion to Dismiss

Defendant moves to dismiss plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure claiming that plaintiff failed to timely exhaust her administrative remedies (and therefore this court lacks jurisdiction over them) and that she has failed to state a claim for the alleged improper disclosure of her medical records upon which relief can be granted. In evaluating the complaint for jurisdictional sufficiency pursuant to Rule 12(b)(1), the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See* King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Should the court find that jurisdiction is lacking, dismissal of the case is

"mandatory." United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted); see also Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth,

and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

    II.   Plaintiff's Discrimination Claims are Time-Barred

The Defendant contends that the plaintiff failed to file an administrative complaint of discrimination with the EEOC within 45 days of her firing, and as a result, she failed to timely exhaust her administrative remedies. According to the defendant, because Willsun failed to exhaust her administrative remedies within the required time period, this Court lacks jurisdiction to adjudicate her claims.

It is well established that prior to bringing an employment discrimination claim in federal court, a plaintiff must first exhaust his or her administrative remedies. See Carroll v. Holder, 2011 WL 7091804 (D. Or. Sept. 30, 2011) report and recommendation adopted, CIV. 09-3093-CL, 2012 WL 214599 (D. Or.

Jan. 24, 2012)(citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). Pursuant to the administrative regulations governing the manner and time in which a federal employee may bring a discrimination action under the Rehabilitation Act against his or her employer, any employee who believes he or she has been discriminated against "must initiate contact with [an Equal Employment Opportunity Commission] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Failure to seek such counseling, absent equitable tolling, renders the claim time-barred. Chmiel v. Potter,, 2010 WL 5904384, *7 (W.D.N.Y., Dec. 07, 2010)(Schroeder, M.J.).

In the instant case, the evidence establishes that plaintiff received her notice of termination on October 20, 2011, and that her termination date was November 25, 2011. Plaintiff, however did not contact an ("EEOC") counselor until February 6, 2012, 109 days after receiving notice that her employment had been terminated, and 73 days after her last day of employment. Because plaintiff failed to pursue her administrative remedies within 45 days of the allegedly discriminatory act that was taken against her, she has failed to exhaust her administrative remedies, and this Court lacks jurisdiction to adjudicate her claims.

Plaintiff contends that her administrative complaint to the EEOC was timely because she had grieved the termination through her

union representatives, and the grievance process did not conclude until February 3, 2012. Accordingly, she claims that her February 6, 2012 contact with the EEOC occurred in a timely manner. There is no question, however, that grieving an allegedly unlawful employment action through grievance procedures does not toll the 45 day time limit for contacting the EEOC. Del. State Coll. v. Ricks, 449 U.S. 250, 261 (1980) ("[P]endency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the [EEO] limitations periods."). Because plaintiff failed to timely exhaust her administrative remedies, her claims of employment discrimination are dismissed with prejudice for lack of jurisdiction.

> III. Plaintiff has failed to state a claim under the Privacy Act.

The Privacy Act provides in relevant part that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains....

5 U.S.C. § 552a(b). Plaintiff alleges that the defendant shared her personal medical information with her former supervisors and co-employees, and did so without her permission. "To prevail on a claim for wrongful disclosure under the Privacy Act, a plaintiff must establish the following: (1) the information is covered by the Act as a 'record' contained in a 'system of records'; (2) the

agency 'disclosed' the information; (3) the disclosure had an 'adverse effect' on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was 'willful or intentional.'"  Young v. Tryon, 12-CV-6251, 2013 WL 2471543 (W.D.N.Y. June 7, 2013)(Payson, M.J.)(quoting Biton v. Cuomo, 2009 WL 3052650, *2 (E.D.N.Y.2009).  Moreover, the Privacy Act provides that a plaintiff may only recover "actual damages" suffered as the result of the disclosure of private information. See (5 U.S.C. § 552a(g)(4)(A)).  As the United States Supreme Court has recently clarified, to establish "actual damages," the plaintiff must demonstrate that he or she suffered  "pecuniary or economic harm." F.A.A. v. Cooper, --- U.S. ----, ---- - ----, 132 S.Ct. 1441, 1452-53, 182 L.Ed.2d 497 (2012).

In the instant case, plaintiff has failed to establish or even allege that she suffered any pecuniary or economic harm as a result of the alleged disclosure of private information.  Indeed, even though plaintiff has submitted a written opposition to defendant's motion, she does not address the defendant's contention that she is unable to state a claim for actual damages, nor does she claim to have suffered actual economic harm.  Because plaintiff has failed to allege that she suffered economic harm as a result of the defendant's actions, and because she has failed to rebut

defendant's contention with any allegation or suggestion that she suffered economic I grant defendant's motion to dismiss plaintiff's Privacy Act claims with prejudice.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss, and dismiss plaintiff's Complaint with prejudice.

SO ORDERED.

S/ MICHAEL A. TELESCA

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 16, 2014